A. S. CLEGHORN, Collector-General, *vs.* ONE HUNDRED AND NINETY-TWO BOTTLES OF SAM SHOO, and other goods.   Loo Mun Kai, Claimant.

APPEAL FROM ORDER OF PRESTON, J., DISMISSING LIBEL.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

The Collector-General filed a libel for the forfeiture of the goods in question on the ground that they were not included in the manifest of the vessel importing them.   (Section 547, Civil Code.)

The claimant was prosecuted and convicted in the Police Court under Section 8, Chapter VII. of the Session Laws of 1886.

The Court (Preston, J.) dismissed the libel on the ground that such conviction precluded the Government from claiming the forfeiture.

Held, reversing such order, that the goods became liable to forfeiture upon the delivery of the manifest, and that no action of an officer of the Government could purge such forfeiture.

OPINION OF THE COURT, BY PRESTON, J.

This is an appeal from the decision of Preston, J., dismissing the libel.

The decision appealed from is as follows :

" This is a libel filed by the Collector-General for the condemnation and forfeiture of certain goods alleged to have been imported in the British bark Velocity from Hongkong, and not included in the inward manifest of such vessel.

" The claimant Loo Mun Kai, the owner of the goods, filed an answer in the nature of a demurrer, and at the hearing I held the libel to be sufficient.

" It was admitted by Mr. Ashford on behalf of the claimant that the goods in question were not included in the manifest.

" It was also admitted by Mr. Hatch on behalf of the libellant that the claimant had been prosecuted and convicted in the

Police Court of Honolulu, for concealing the goods in question under Section 8, Chapter VII., of the Session Laws of 1886.

"The argument made on behalf of ... claimant appears to me substantially to amount to this: that the Government having prosecuted and obtained a conviction against the claimant under a law which does not provide for a forfeiture of the goods, cannot now, by another proceeding, obtain such forfeiture.

"Section 545 of the Civil Code provides that the commanding officer of a merchant vessel arriving from a foreign port shall, within forty-eight hours after her arrival at a port of entry, deliver to the Collector a true and perfect manifest of the cargo with which she is laden, with an account of the packages, etc.

"Section 547 provides that: 'All goods imported in any vessel, and which are not included in her inward manifest, shall be liable to seizure and confiscation, and the vessel and master shall be liable to a fine not exceeding one thousand dollars.'

"The forfeiture is claimed under this section.

"The section of the law of 1886, entitled 'An Act Supplementary to Article 26, Chapter IX., of the Civil Code,' reads as follows: 'Section 8. Any person who shall be in any way knowingly concerned in carrying, removing, depositing or concealing, or in any manner dealing with any opium or other article, the importation whereof is prohibited, or any dutiable goods upon which no duties have been paid, shall be punished by a fine not exceeding five hundred dollars.'

"It is difficult to put a construction upon this section, and it appears to me to be more difficult from the facts before me to see how the claimant could have been convicted under it; but the Government proceeded under that section, a breach of which does not work a forfeiture of the goods, and it therefore appears to me that they cannot, by this proceeding, obtain a condemnation of these goods for the omission of the master to place them on the manifest.

"I am of opinion that this libel should be dismissed, and I so order."

By THE COURT.

We are of opinion that this appeal must be allowed.

We all think that the goods having become liable to forfeiture immediately upon the offense, i.e., the delivery of the manifest by the master to the Collector-General, being committed, no action by any officer of the Government could purge such forfeiture, and therefore that the decision appealed from should be reversed, and a decree made in terms of the prayer of the libellant, and it is so ordered.

F. M. Hatch, for libellant.

V. V. Ashford, for claimant.